# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

FRENCHITT SU-DELL COLLINS                                              PETITIONER
Reg #43004-177

V.                          NO. 2:22-CV-00065-KGB-JTR

JOHN P. YATES, Warden,
FCI-Forrest City Medium                                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Petitioner Frenchitt Su-Dell Collins ("Collins"), an inmate in the Federal Correction Institute in Forrest City, Arkansas, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his federal conviction and sentence. Collins claims this Court has jurisdiction under the savings clause in § 2255(e). *Doc. 1 at 6*. Respondent filed a Response arguing this Court lacks jurisdiction, under

§ 2241, to entertain Collins's challenge to his federal conviction. *Doc. 5*. Despite receiving an extension of time to file, Collins failed to file a Reply as ordered. *Docs. 7 & 8*.

## II. Background

On April 30, 2012, a jury found Collins guilty of Conspiracy to Commit Mail Fraud and Health Care Fraud, Mail Fraud and Aiding and Abetting, Aggravated Identity Theft and Aiding and Abetting, and Conspiracy to Tamper with Witnesses. *Doc. 5-1 at 22; Doc. 5-2*. On November 8, 2012, the United States District Court for the Northern District of Texas sentenced Collins to one hundred-eighty (180) months imprisonment for those convictions. *Doc. 5-2*.

Collins appealed his convictions and sentence. In 2014, the Fifth Circuit Court of Appeals affirmed Collins's conviction and sentence. *United States v. Collins*, 774 F.3d 256 (5th Cir. 2014).

On June 1, 2016, Collins filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his federal sentence. *Doc. 1, at 6*. On January 23, 2018, the sentencing court denied Collins's § 2255 Motion. *Doc. 5-3*; *Collins v. United States,* No. 3:16-cv-1472-K (N.D. Tex.). Collins then filed a Motion to Vacate the Judgment denying his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct, which the sentencing court also denied. *Id. at docs. 27 & 28*.

### III. Discussion

Collins claims he is "actually innocent" of his conspiracy to commit healthcare fraud conviction. *Doc. 1, at 5*. Collins admits he is challenging the validity of his conviction and sentence, and he already raised the challenge in a § 2255 Motion. *Doc. 1, at 3-4*. This Court lacks jurisdiction to entertain this claim.

Generally, a prisoner challenging the imposition of his federal conviction or sentence must proceed by filing a § 2255 Motion with the trial court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, if a prisoner can establish that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e) creates a *narrow exception* which authorizes a federal court in the district of the prisoner's incarceration ("the district of incarceration") to exercise jurisdiction over such a claim in a § 2241 action. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

The petitioner bears the burden of demonstrating that the § 2241 challenge he is making to the imposition of his sentence satisfies the narrow "saving clause" exception contained in § 2255(e). *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1091. If the § 2241 habeas petitioner fails to establish that the remedy under § 2255 is inadequate or ineffective, the district of incarceration lacks jurisdiction to consider the claim. *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).

Here, Collins could have raised, in his first § 2255 Motion, the same claim he raises in this Petition. Collins left blank the section in his Petition to "[e]xplain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence." *Doc. 1, at 4*. He also failed to file a Reply, as ordered, addressing Respondent's argument for dismissal. *Doc. 8*.

Accordingly, because Collins has failed to demonstrate that he is entitled to the benefit of the saving clause in § 2255(e), this Court lacks subject matter jurisdiction over Collins's actual innocence claim. *See Lee v. Sanders*, 943 F.3d at 1147 (court lacks "jurisdiction to entertain a § 2241 petition unless and until" the petitioner demonstrates that he is entitled to the benefit of § 2255(e)'s saving clause).

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Collins's Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED.

DATED this 6th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE